UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERTO PATTERSON,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No. 1:26-cv-04171-NW

**ORDER RE FURTHER BRIEFING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF No. 10

Petitioner Roberto Patterson has been detained for over a year at the California City Immigration Processing Center pending his deportation from the United States pursuant to a final order of removal. In his Amended Petition for Writ of Habeas Corpus, he argues that his detention under 8 U.S.C. § 1231(a)(6) has become unconstitutionally prolonged, and that his re-detention by Respondents after a period of release violates his due process rights. ECF No. 10 ¶¶ 42–55. The Government adamantly opposes release, but has failed to submit sufficient information for the Court to assess the facts and issue a ruling on the petition.

Records submitted by the parties show the following facts. Petitioner is a citizen of Cuba who was paroled into the United States in 1994 and later adjusted his status to that of a lawful permanent resident. ECF No. 12 at 7; ECF No. 17-1 ¶ 5. In April 2001, he was convicted in Florida state court for armed robbery. ECF No. 12 at 26–27. In June 2001, he was placed into removal proceedings and ordered removed to Cuba by an Immigration Judge. ECF No. 10-2 at 7–8; ECF No. 17-1 at 3. He did not appeal the decision, so the order became final. *Id.* ICE took him into custody to execute his removal order in November 2002 following his release from state prison. *Id.*

The government released Petitioner on an Order of Supervision ("OSUP") in May 2003

United States District Court
Eastern District of California

after ICE was unable to remove him to Cuba. *Id.* at 38. Following his release on OSUP, Petitioner's DHS record reflects that he was convicted of two other robbery-related offenses, one in 2008 and another in 2009. ECF No. 12 at 51. It does not appear that DHS re-detained him immediately after either conviction, or at any time in the fifteen years between 2009 and 2025.

Petitioner was detained in November 2025 when reporting to the ICE Office in Miramar, Florida pursuant to his OSUP. ECF No. 12 at 51. The "Notice of Revocation of Release" states that the reason for the revocation of his OSUP was that ICE determined "[i]t is appropriate to enforce your order of removal[,]" but provides no further detail. ECF No. 17-1 at 43. Notably, the Notice does not state that ICE had obtained travel documents to effectuate Petitioner's removal to Cuba, or any other country. Indeed, Petitioner has been detained for over a year, and ICE has been unable or unwilling to remove Petitioner.

In opposing the amended petition, the Government first argued that Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B) given his prior criminal convictions and, therefore, he cannot bring a claim for prolonged detention. *See* ECF No. 11 at 3–4. While Petitioner has a serious albeit dated criminal history, the Government is plainly wrong under the law. As the Supreme Court has explained, "Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after." *Johnson v. Guzman Chavez*, 594 U.S. 544 (2021). Once removal proceedings conclude, that marks the end of the Government's detention authority under § 1226(c). *Id.* As Petitioner was ordered removed nearly twenty-five years ago, the Government cannot detain him under § 1226(c). The only applicable detention authority is § 1231(a).

Given the Government's erroneous application of § 1226(c), the Court requested supplemental briefing to address the following questions: (1) do Respondents maintain that Petitioner's detention is lawful under either § 1231(a)(2) or § 1231(a)(6), and what is the support for his continued detention under either subsection?; (2) has DHS previously arrested and detained Petitioner in order to execute his 2001 removal order, and what were the dates of his prior detentions and releases?; (3) what was the basis for the revocation of Petitioner's release in November 2025?; and (4) what efforts have been made to execute Petitioner's removal since he

United States District Court
Eastern District of California

was detained? ECF No. 14.

Respondents' answers to these questions were unclear, verging on obtuse, leaving the Court to effectively guess as to what efforts the Government has made to remove Petitioner since detaining him over a year ago. Essentially, the only information the Government provided was that it had "previously made several attempts to process Petitioner for removal to Mexico as a third country alternative but [was] unsuccessful[,]" and that "there are other third countries that DHS can explore for removal." ECF No. 17 at 2–3. Exactly what countries are being explored, or what efforts, if any, have been done to remove Petitioner to those countries is a mystery.

Given the length of Petitioner's detention, and the Government's apparent inability to remove Petitioner over the last quarter century, the Court **ORDERS that by December 21, 2026 the Government shall**:

(1) Remove Petitioner to Cuba, and provide the Court with a declaration confirming that the removal has been effectuated therefore mooting the amended petition; **OR**

(2) Provide the Court with a removal order for Petitioner to a viable third country that is identified, along with a declaration providing specific information about when Petitioner will be removed to that country and the basis for that assertion; **OR**

(3) If the Government is unable to complete either option (1) or (2), then by December 21, 2026, it must file a declaration attesting to that fact, and to the fact that the Government is unable to lawfully remove Petitioner to a third country at this time.

The Court will issue a further order on the amended petition after receiving the Government's declaration pursuant to (1), (2), or (3) above. If the Government provides a declaration that is incomplete or unsupported under (2), or a declaration under (3), the Court anticipates granting the amended petition.

**IT IS SO ORDERED.**

Dated: November 25, 2026

Noël Wise
United States District Judge



United States District Court
Eastern District of California